247 A.2d 82.
FREDERICK E. BOWERMAN *et al. vs.* JOHN J. O'CONNOR, JR. *et al.*
OCTOBER 28, 1968.
PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an appeal from the judgment of a superior court justice holding that P. L. 1963, chap. 12, sec. 2, now G. L. 1956, §16-23-2, as amended, commonly referred to as the textbook aid law, violates the establishment of religion prohibitions of the first amendment to the constitution of the United States, and art. 1, sec. 3 of the constitution of Rhode Island.

The suit was commenced February 16, 1965, by a bill of complaint praying, in substance, that respondents in their capacity as members of the school committee of the city of Cranston be permanently enjoined from furnishing to students attending parochial schools in the city of Cranston the textbooks for which the challenged statute provides.

The respondents seasonably appealed to this court from the entry of judgment granting the relief prayed. Subsequent to such appeal, however, the United States Supreme Court in *Board of Education* v. *Allen,* 88 S. Ct. 1923 (decided June 10, 1968), had occasion to pass on the constitutionality of a similar textbook aid law enacted by the legislature of the state of New York. In that case, the court reaffirmed its position that the first amendment to the United States constitution, made applicable to the states through article fourteenth of amendments thereto, is an

absolute bar to the establishment of religion by either the federal or state governments. Nevertheless, recognizing that whether a particular statute constitutes such an establishment is a matter to be determined by the circumstances of each case, the court considered the import of the New York statute and concluded that it did not result in unconstitutional involvement of the state with religious instructions.

The supreme court having spoken thusly, this court is bound by its rulings if the *circumstances* of any cases coming before us are not significantly dissimilar to those with which the supreme court was confronted.

A comparison of §16-23-2, the subject statute, with the provisions considered in *Allen, supra,* persuades us that the provisions of the Rhode Island statute are, if anything, less open to attack on constitutional grounds than those which were before the court in *Allen, supra.* Notwithstanding this, appellees argued that *Allen* was decided on summary judgment and that there was no evidence before the court that the textbooks to be loaned under the statute would in fact be loaned to parochial school students. Here, they point out, a record was compiled which establishes that the textbooks to be provided would be and were being loaned for use in sectarian schools. This contention strikes at form rather than substance. The court in *Allen* had before it the issue of whether the textbooks in question could, conformable to the provisions of the statute, be loaned to students attending parochial schools—and answered the question in the affirmative.

Nor can we agree with appellees that the language of the constitution of this state prohibiting establishment of religion or the interference with the free exercise thereof is more restrictive than the language of the federal constitution as interpreted in *Allen, supra.*

We conclude, therefore, that the holding of the United States supreme court in *Board of Education* v. *Allen, supra,* is controlling on the issues presented in this appeal. The appeal is sustained, and the judgment of the superior court is reversed.

*Milton Stanzler, William J. Sheehan, Harold E. Adams, Jr.,* for plaintiffs-appellees.

*Edward W. Day, Jr., Abraham Goldstein, Herbert F. De-Simone,* Attorney General, *Charles G. Edwards,* Assistant Attorney General (intervening) for defendants-appellants.

*Edwards & Angell, William H. Edwards, John H. Blish, Hogan & Hogan, Edward T. Hogan, Arthur E. Sutherland,* Amicus Curiae—Special Committee for aid on Textbooks.

*Louis Baruch Rubinstein, Sidney L. Rabinowitz, Howard I. Lipsey, Arnold Forster, Paul Hartman, Sol Rabkin,* Amici Curiae—Anti-Defamation League of B'nai B'rith.

*Walter Adler, Leonard Decof,* Amici Curiae—American Jewish Committee.